GERATY v. ATLANTIC COAST LINE R. CO. et al.

(District Court, E. D. South Carolina. February 11, 1914.)

1. CARRIERS (§ 200*) — COMMON CARRIER — EXCESSIVE CHARGES — FOREIGN TRANSPORTATION.

At common law no action lay against a common carrier for unreasonable and excessive charges on foreign transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 901–905; Dec. Dig. § 200.*]

2. CARRIERS (§ 26*)—INTERSTATE COMMERCE—UNREASONABLE CHARGES—RIGHT TO RECOVER.

A shipper's right to recover for alleged unreasonable charges made by a carrier for the transportation of interstate commerce depends entirely on the rights conferred by the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]), and hence to support such an action it must appear that the rates charged are in excess of the rates permitted as reasonable by the Interstate Commerce Commission.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 67–82; Dec. Dig. § 26.*]

3. CARRIERS (§ 26*)—INTERSTATE COMMERCE—RATES—LEGAL REGULATIONS.

Since, under the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]), the Interstate Commerce Commission has the primary right to fix rates, the courts and a shipper as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

well are bound to treat rates charged by carriers in interstate commerce as lawful so long as they are acquiesced in by the commission.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 67–82; Dec. Dig. § 26.*]

4. COMMERCE (§ 89*)—INTERSTATE COMMERCE—UNREASONABLE CHARGES—BURDEN OF PROOF.

Since, by the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]), the Interstate Commerce Commission is charged with the duty of determining whether a carrier's charge for services rendered in interstate commerce is reasonable, a shipper seeking to recover for imposition of an alleged unreasonable charge must, as a condition to his right, allege and produce an order from the commission showing that the rate charged was unreasonable, and therefore illegal.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 89.*]

5. CARRIERS (§ 26*)—INTERSTATE COMMERCE—ICING CHARGES—UNREASONABLENESS.

An icing charge made by a carrier in transporting interstate commerce is not prima facie unreasonable solely because it exceeds the actual cost of the ice alone; the carrier being entitled to charge a reasonable profit on the services.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 67–82; Dec. Dig. § 26.*]

At Law. Action by John W. Geraty against the Atlantic Coast Line Railroad Company and another. On demurrer to complaint. Sustained.

W. A. Holman, of Charleston, S. C., for plaintiff.
Mitchell & Smith, of Charleston, S. C., for defendants.

SMITH, District Judge. This cause came on to be heard upon a demurrer to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint is brought to recover for an alleged excess charge for icing upon interstate transportation. The plaintiff, a resident and citizen of the state of South Carolina, made a number of shipments of vegetables to points all outside of the state of South Carolina. The complaint alleges that the plaintiff is entitled to damages in a sum equal to the difference between the actual cost of the ice and the amount charged by the defendants and paid for by the plaintiff for the entire service of icing; the plaintiff taking the ground that any amount charged and paid for icing over and above the actual cost of the ice itself was excessive, unreasonable, and unjust. The cause was originally brought in the court of common pleas for Charleston county, and removed to this court as involving a question arising under the laws of the United States. Inasmuch as the action is brought to recover alleged unreasonable and excessive charges for interstate transportation, it would appear under the allegation of the complaint to be beyond question that the plaintiff's right, if it exists, must exist only under and by virtue of the Interstate Commerce Act.

[1] Under the rule at common law no action lay against a common carrier for unreasonable and excessive charges upon foreign transportation. The common law that a common carrier was entitled only

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to make reasonable charges, and that any charge in excess of a reasonable charge could be recovered in an action at law, applied only to transportation charges within the jurisdiction. The carrier's charges upon foreign transportation such as transportation between England and France, or England and any foreign country, or the United States and any foreign country, were not within the purview and scope of the law. The reason is very evident; for, if it was a case of foreign transportation by perchance a foreign carrier, the question as to what was a reasonable charge might vary according to the statutes or legal rulings of the two different countries.

The foreign carrier, once he left the jurisdiction, was beyond the power of the court, and, as the charges upon shipments are paid as a rule by the consignee, manifestly it was beyond the power of an American court to enforce an American measure of a reasonable charge against an English carrier delivering cargo in England.

The rule that a carrier's charge must be reasonable was a rule of substantial law, not a rule of practice, and as such a law it could only apply to persons within the jurisdiction subject to that law, i. e., to carriers within the jurisdiction.

The adjudicated decisions do not hold that the rule that a common carrier would be limited to reasonable charges for transportation ever applied except to carriers between points within the jurisdiction. All of the states of the American Union being foreign to each other in matters of commerce and transportation, the same reason would apply. Under the rules of the common law, no action would lie against a common carrier for unreasonable charges for transportation between two different states without some express treaty or statutory recognition and creation of the right as binding on both states. It never has been contended that any court in the state of South Carolina could take jurisdiction against an English ship or the owners of an English ship to recover alleged unreasonable charges as prohibited by the domestic law of South Carolina on the transportation of cargo from South Carolina to England or to any other foreign country. Such being the case, no right of action existed on the part of any party claiming for unreasonable transportation charges upon interstate shipments until the passage by Congress of the Interstate Commerce Act, under the interstate commerce clause of the federal Constitution, and all rights to recover for such charges must rest upon the rights created by that statute and must be treated as actions to enforce rights given by that statute, and therefore arising under the laws of the United States.

[2] Inasmuch as the plaintiff's right to recover in this case must depend entirely upon the rights given by the terms of the Interstate Commerce Act, it should appear by the complaint that the plaintiff has brought himself within the terms of that act. To support an action brought to recover back unreasonable charges paid for interstate transportation, it must appear that such rates are in excess of the rates permitted as reasonable by the Interstate Commerce Commission. The presumption is that the defendant carrier has obeyed the law and filed and published its rates. Until otherwise held by

the Interstate Commerce Commission, such rates must be held prima facie reasonable, and so treated by the courts.

[3] Under the statute the carrier has the primary right to fix rates, and, so long as they are acquiesced in by the commission, the carrier and shipper are alike bound to treat them as lawful. Where the action is based upon unreasonable charges, there is no law fixing what is unreasonable, and the whole scope of the statute shows that it was intended that the commission and not the courts should pass upon that question.

[4] Since the commission is charged with the duty of determining whether the charge was unreasonable, the plaintiff must, as a condition to his right to recover, allege and produce an order from the commission that the rate charged was unreasonable and therefore illegal. Mitchell Coal Co. v. Penn. R. R. Co., 230 U. S. 247, 33 Sup. Ct. 916, 57 L. Ed. 1472.

[5] Furthermore, the complaint in this action is pitched upon the theory that the mere fact that the charge for icing was in excess of the cost alone of the ice makes the excess unreasonable and unlawful; and that any charge for services in the application and renewal of the ice or for a reasonable profit therefor is not permissible. The complaint alleges that the charge is unreasonable, but the facts alleged show that it is claimed to be unreasonable solely because it exceeds the actual cost of the ice alone. This is not sufficient to justify the inference of unreasonableness. Where the service is not strictly a part of the transportation, but is outside of and supplementary thereto as for icing in the present case, the carrier is not limited in its charge to the mere cost of such service, but may rightfully make a reasonable profit thereon. Southern Ry. Co. v. St. Louis Ry. Co., 214 U. S. 297, 29 Sup. Ct. 678, 53 L. Ed. 1004.

The complaint in the present case neither alleges that the rate complained of is in excess of the rate allowed by the Interstate Commerce Commission, nor does it allege any facts sufficient to justify the legal inference that the charge made, although in excess of the actual cost of the ice alone, was thereby unreasonable. The plaintiff has therefore failed to show that under the terms of the statute he has any right to recover.

Upon consideration of all whereof it is, accordingly, adjudged that the demurrer be sustained, and the complaint dismissed.