[L. A. No. 18561.   In Bank. · Sept. 21, 1943.]

ROBERT J. McDONALD, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Wolfson & Swetow, Burnett Wolfson and Earl I. Swetow for Petitioner.

Hewlings Mumper and Meserve, Mumper & Hughes for Respondent.

THE COURT.—On April 7, 1941, petitioner filed with the Committee of Bar Examiners of The State Bar of California an application for admission to practice law in this state. Prior to the filing of such application petitioner had been admitted to practice in Minnesota for a period of time in excess of that prescribed in section 6062 of the State Bar Act. He also satisfied the residence requirement designated in that section. In support of his application petitioner submitted documentary evidence as to his moral and legal qualifications, and thereafter testified before the Committee of Bar Examiners and a sub-committee thereof.

One year after filing the application for admission to practice and, while the same was pending and undetermined, petitioner forwarded to The State Bar a written notification that he had abandoned his residence in California and had returned to Minnesota to live. He also gave written notice of the withdrawal of his application for admission to practice law in this state. Eighteen days later the Committee of Bar Examiners by resolution denied petitioner's "request . . . for permission to withdraw his application for admission to practice" and denied such application on the ground that petitioner had failed to establish that he possessed the neces-

sary good moral character essential to admission. In response to a letter from petitioner directing attention to the fact that he had withdrawn his application for admission to practice prior to the purported action thereon, the committee reconsidered the matter and again concluded, adversely to petitioner's contention, that the prior written notice of withdrawal of the application did not prevent it from denying the same on the merits. Accordingly, and on September 4, 1942, the committee by formal resolution again purported to deny the application on the ground that petitioner had failed to establish that he possessed the necessary good moral character.

Petitioner here urges, among other things, that his application for admission had been withdrawn when the committee purported to pass upon its merits and that prior to the committee's determination he had abandoned his California residence and re-established his permanent domicile in Minnesota, and therefore was no longer eligible as an applicant for admission in California. Respondent has demurred to the petition, contending that there is no justiciable controversy in that the sole effect of the committee's action was to deny admission to the petitioner who, by his petition here, admits that he is not now eligible or qualified for such admission. Respondent also argues that this proceeding is moot because the ''petition shows on its face that the petitioner has withdrawn his application to practice law in the State of California. . . .''

We are not impressed by the latter argument, which places respondent in the position of justifying the committee's action by denying that petitioner had effectively withdrawn his application for admission to practice while recognizing the effective withdrawal of such application for the purpose of asserting the moot character of this proceeding. Nor can we accept respondent's argument that petitioner is not aggrieved by the committee's action in denying on the merits an application for admission to practice which had been withdrawn prior to such adverse action. Should petitioner at a future time seek admission to practice in some state other than Minnesota, where he is now admitted and in good standing, he should not be prejudiced by an adverse California determination on an application which had been withdrawn prior to such determination. The fact that petitioner does not presently seek admission in this state does not therefore preclude him from here challenging the committee's action.

The committee should have recognized and accepted petitioner's written withdrawal of his application for admission. In *Jones* v. *Securities & Exch. Commission*, 298 U. S. 1, 18-23 [56 S.Ct. 654, 80 L.Ed. 1015], the petitioner had filed a registration statement covering a proposed issue of trust certificates, and after hearing, but prior to action on the application, the same was withdrawn by petitioner. The court held: "In this proceeding, there being no adversary parties, the filing of the registration statement is in effect an ex parte application for a license to use the mails and the facilities of interstate commerce for the purposes recognized by the act. We are unable to see how any right of the general public can be affected by the withdrawal of such an application before it has gone into effect. . . . The conclusion seems inevitable that an abandonment of the application was of no concern to anyone except the registrant. The possibility of any other interest in the matter is so shadowy, indefinite, and equivocal that it must be put out of consideration as altogether unreal. Under these circumstances, the right of the registrant to withdraw his application would seem to be as absolute as the right of any person to withdraw an ungranted application for any other form of privilege in respect of which he is at the time alone concerned."

Respondent quotes excerpts from *Ford Motor Co.* v. *National Labor Relations Board*, 305 U.S. 364 [59 S.Ct. 301, 83 L.Ed. 221], *Sunshine Anthracite Coal Co.* v. *National B. C. Commission*, 105 F.2d 559, and *Securities & Exchange Commission* v. *Hoover*, 25 F.Supp. 484, as qualifying the rule announced in the Jones case, *supra*. The three cited cases involved situations varying from those presented in the Jones case and in the present proceeding. In the Ford case the National Labor Relations Board sought and was granted leave to withdraw its petition to enforce one of its orders. In making the declaration, relied on by respondent here, "that permission to withdraw must rest in the light of the circumstances of the particular case," the court had in mind that the company affected by the board's order had by its answer to the board's petition and by separate petition sought affirmative relief. ▉ It is settled that dismissal is not a matter of right when the adversary seeks affirmative relief (*Jones* v. *Securities & Exch. Com., supra*, 20; sec. 581, Code Civ. Proc.; 9 Cal.Jur. 507, sec. 3.)

It appears from the decision in the Sunshine Anthracite

Coal Company case, *supra,* that the National Coal Commission, as required by the pertinent act, had commenced a proceeding to determine whether the coal produced in Arkansas did not come within the purview of a section of the act. Petitioner coal company thereafter filed its petition seeking exemption from the provisions of the act. After hearings and findings by the examiner that petitioner was not entitled to the claimed exemption, petitioner unsuccessfully sought to withdraw its petition. The decision, in approving the refusal to allow withdrawal, declares that "the real moving party seeking determination of the broad question as to the applicability of the act to Arkansas coals was the commission. The petitioner opposed the conclusion that all the coals in the area were within the act. It could not by dismissing its petition prevent the commission from making determination upon that question which was the subject matter of the hearing."

In the Hoover case, *supra,* unlike the Jones case quoted from above, the "notification of the stop-order proceeding . . . was issued after the registration statement [sought to be withdrawn] had become effective." The court there also pointed out that "the most important distinction existing between this and the Jones case lies in the fact that various issues of the same stock which the registrant here proposed to issue had been placed upon the market and sold prior to the time the registration statement was filed. . . . Under these circumstances, a large number of investors exist and their rights are a matter of actuality. They are entitled to the information and protection which would result from an investigation of these securities by the commission. Public interest and need for protection, which were non-existent in the Jones case, are matters of vital concern and reality here."

In the present proceeding it would appear that any public interest in the matter will be as effectively safeguarded by petitioner's voluntary withdrawal of his application for admission as it would be by a denial on the merits of such application.

Moreover, since by the demurrer it is admitted that petitioner had abandoned his residence in California and again established his domicile in Minnesota, it would be unreasonable to expect him to return to this state in support of an application for admission which not only had been withdrawn but which could not have been granted in any event because the applicant no longer satisfied the residence requirement of this state.

Respondent's demurrer to the petition is overruled and the Committee of Bar Examiners is directed to strike from its records the resolution and determination denying petitioner's application for admission to practice and to take appropriate action for a dismissal of the application.

Respondent's petition for a rehearing was denied October 18, 1943.