[Civ. No. 24262.   Second Dist., Div. Two.   June 2, 1960.]

CY MILLER et al., Appellants, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Phill Silver for Appellants.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Laurence C. Corcoran, Deputy City Attorney, for Respondents.

FOX, P. J.—Appellants, Cy and Billie Miller, appeal from a judgment in favor of respondent, Board of Police Commissioners, in this certiorari proceeding.

The Millers made application to the board for a café entertainment permit pursuant to section 103.102 of Los Angeles Municipal Code, Ordinance Number 111,348, in connection with their operation of a café on premises they then occupied. A hearing on the application was had before a hearing officer,

and subsequent to the hearing but before the hearing officer had filed his report and recommendation with the board, the Millers filed a request with the board to withdraw their application for the permit. Following the request by the Millers to withdraw their application, the hearing officer filed a report recommending that the request to withdraw be denied and that the application for a permit be denied. Thereafter, the Millers renewed their request to be allowed to withdraw and the board denied the request and approved the report and recommendations of the hearing officer. The substance of the Millers' request to withdraw their application was that they had ceased doing business and no longer had need for a permit and that therefore the question of whether or not the permit should be issued had become moot. The cessation of business activities by the Millers occurred subsequent to the hearing and prior to the final determination by the board.

After the decision of the board was announced, the Millers filed a petition in the superior court seeking a writ of certiorari directed to the board and the city of Los Angeles, commanding certification and return to the court of the proceedings had before the board in the matter of their application for an entertainment permit, and also seeking relief in the form of a directive of the court commanding the board to expunge the report of the hearing officer, the decision of the board, and all other proceedings taken in the matter. Upon the filing of the petition and after proof of service, the court issued a writ of certiorari directed to the respondents to certify and return the proceedings to the court. In lieu of filing the record, the respondents filed a demurrer to the petition, and the matter was argued and submitted. Thereafter, the court rendered judgment for the respondents and the Millers have appealed.

Appellants' basic contention is that respondent board acted in excess of its jurisdiction in passing upon the merits of their application for a café entertainment permit in view of their request to withdraw such application. The complete answer, however, to this contention is found in section 103.39 of the Los Angeles Municipal Code. This section provides as follows:

"The lapsing or suspension of a permit by operation of law, or by order or decision of the board or a court of law, *voluntary withdrawal of the application,* or the voluntary surrender of a permit by a permittee, *shall not deprive the board of jurisdiction to proceed with any investigation of* or disciplinary proceedings against *such permittee, or to render a deci-*

*sion denying,* suspending or revoking *such permit.''* (Emphasis added.) It is clear from the emphasized language that the request to withdraw the application did not ''deprive the board of jurisdiction . . . to render a decision denying . . . such permit.''

In seeking a reversal appellants do not attack the validity of the foregoing section but instead, cite and rely upon two cases: *Jones* v. *Securities & Exchange Commission,* 298 U.S. 1 [56 S.Ct. 654, 80 L.Ed. 1015], and *McDonald* v. *State Bar of California,* 22 Cal.2d 768 [141 P.2d 217]. Neither of these cases assist their cause. In the Jones case the petitioner had filed a registration statement with the Securities and Exchange Commission covering a proposed issue of trust certificates. After hearing but prior to action on the application, the petitioners made a futile attempt to withdraw the same. The court determined that there was no prejudice to the public or investors. The court then stated (p. 22) ''that under the decisions of this court, the doctrine that a dismissal must be granted if no prejudice be shown beyond the prospect of another' suit, *unless there be a specific rule of court to the contrary,* is applicable, and the withdrawal should have been allowed as of course.'' (Emphasis the court's.) Thus the Jones case is clearly distinguishable from the one at bar because of the specific provision of the ordinance that notwithstanding a withdrawal of the application the board could proceed with its investigation and render a decision denying a permit. Actually, the quoted language from *Jones* (*supra*) provides a strong inference in support of the ruling at bar in view of the italicized provisions of the ordinance, *supra.*

The McDonald case (which cites *Jones* with approval) has no application to the instant matter for there was no provision in the State Bar Act either requiring permission of the Committee of Bar Examiners to withdraw an application for admission or providing that the committee could proceed with its investigation and determine the application on its merits notwithstanding a request to withdraw the same.

The order is affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.