# FORD MOTOR CO. *v.* NATIONAL LABOR RELATIONS BOARD.

Nos. 182 and 183. Argued December 14, 1938.—Decided January 3, 1939.

*Mr. Alfred McCormack,* with whom *Messrs. Frederick H. Wood, Louis J. Columbo,* and *Thomas T. Cooke* were on the brief, for petitioner.

*Mr. Charles Fahy,* with whom *Solicitor General Jackson,* and *Messrs. Charles A. Horsky* and *Robert B. Watts* were on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This case presents the question of the propriety of the action of the Circuit Court of Appeals in remanding a cause to the National Labor Relations Board for the purpose of setting aside its findings and order, and issuing

proposed findings, and making its decision and order upon reconsideration.

The National Labor Relations Board, on December 22, 1937, entered an order against petitioner directing it to desist from described practices and to offer reinstatement, with back pay, to certain discharged employees.

On January 7, 1938, the Board filed its petition in No. 182 (called the Board's proceeding) in the Circuit Court of Appeals, seeking the enforcement of its order, and at the same time filed the transcript of the record.

On April 4, 1938, petitioner asked leave to adduce additional evidence. On April 11, 1938, petitioner filed its answer to the Board's petition, alleging that the order was invalid and asking that it be set aside upon the grounds, among others, that the Board had failed to accord petitioner a full and fair hearing, and that the Board had not itself considered the evidence but had adopted as its own a decision prepared by its subordinates without affording petitioner any opportunity to be heard thereon. It was also alleged that the findings were not supported by the evidence. Petitioner moved for a commission to take the depositions of witnesses, and served interrogatories upon the Board.

On May 2, 1938, after our decision in *Morgan* v. *United States* (April 25, 1938), 304 U. S. 1, the Board filed a motion for leave to withdraw its petition for enforcement and the transcript of record, without prejudice. The Board stated that, should its motion be granted, it would set aside its order, would issue proposed findings, with permission to the parties to file exceptions and present argument, and thereafter make its decision and order. On May 5, 1938, the court granted the Board's motion. On May 6, 1938, the Board served notice on petitioner of its intention to vacate its findings and order of December 22, 1937, but later in view of petitioner's objection held that action under advisement. On May 9, 1938, the or-

der of May 5th was amended so far as it permitted the withdrawal of the transcript of record and the court directed that the transcript remain on file. On June 2, 1938, the Board purported to withdraw its petition for enforcement. On June 4, 1938, the petitioner moved to vacate the order of May 5th. That motion was denied on June 10, 1938, with a stay of the withdrawal of the Board's petition pending application here for writ of certiorari.

Meanwhile, on May 4, 1938, the petitioner filed with the Circuit Court of Appeals in No. 183 (called the petitioner's proceeding) its petition asking the court to review and set aside the Board's order of December 22, 1937. On May 9, 1938, the court directed that the transcript of record filed in the Board's proceeding should be deemed to have been filed in the petitioner's proceeding to review as of the date of May 4th. On June 2, 1938, the Board filed a motion to vacate that order of May 9th. At the same time the Board moved that in the event of a denial of that motion the case should be remanded to the Board for further proceedings.

On June 10, 1938, the court entered its order denying certain motions of the petitioner for leave to amend its petition for review, denying the Board's motion to vacate the order of May 9th, and granting the Board's motion of June 2d—

"to remand this cause to the National Labor Relations Board for the purpose of setting aside its findings and order of December 22, 1937, and issuing proposed findings, and making its decision and order upon a reconsideration of the entire case."

Because of the importance of the questions presented in relation to the scope of the court's jurisdiction and its appropriate exercise, certiorari was granted to review the order of May 5th, granting the Board's motion to withdraw its petition for enforcement, and the order of

June 10th, remanding the cause as above stated. October 10, 1938.

*First.* The authority conferred upon the Board by § 10 (d)[1] of the National Labor Relations Act, to modify or set aside its findings and order, ended with the filing in court of the transcript of record. Upon the filing of the transcript in connection with the Board's petition for enforcement, and notice, the Circuit Court of Appeals had jurisdiction of the proceeding as provided in § 10 (e) of the Act, as follows:

"Upon such filing [of the transcript], the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board. . . . The findings of the Board as to the facts, if supported by evidence, shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency, the court may order such additional evidence to be taken before the Board, its member, agent, or agency, and to be made a part of the transcript. The Board may modify its findings as to the

[1] Section 10 (d) provides:

"(d) Until a transcript of the record in a case shall have been filed in a court, as hereinafter provided, the Board may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it." 49 Stat. 454.

facts, or make new findings, by reason of additional evidence so taken and filed, and it shall file such modified or new findings, which, if supported by evidence, shall be conclusive, and shall file its recommendations, if any, for the modification or setting aside of, its original order. The jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review . . ." 49 Stat. 454, 455.

Under § 10 (f) the jurisdiction of the Circuit Court of Appeals is of the same character and scope in a proceeding for review brought by a person aggrieved by an order of the Board as the jurisdiction which the court has in a proceeding instituted by the Board for enforcement.[2]

While § 10 (f) assures to any aggrieved person opportunity to contest the Board's order, it does not require an unnecessary duplication of proceedings. The aim of the Act is to attain simplicity and directness both in the administrative procedure and on judicial review. Where the Board has petitioned for enforcement under § 10 (e)

[2] Section 10 (f) provides:

"(f) Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any circuit court of appeals of the United States in the circuit wherein the unfair labor practice in question was alleged to have been engaged in . . . by filing in such court a written petition praying that the order of the Board be modified or set aside. A copy of such petition shall be forthwith served upon the Board, and thereupon the aggrieved party shall file in the court a transcript of the entire record in the proceeding, certified by the Board, including the pleading and testimony upon which the order complained of was entered and the findings and order of the Board. Upon such filing, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), and shall have the same exclusive jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; and the findings of the Board as to the facts, if supported by evidence, shall in like manner be conclusive." 49 Stat. 455.

and the jurisdiction of the court has attached, no separate proceeding is needed on the part of the person thus brought into the court. The breadth of the jurisdiction conferred upon the court to set aside or modify in whole or in part the Board's order, or to permit new evidence to be taken, necessarily implies that the party proceeded against is entitled to raise all pertinent questions and to obtain any affirmative relief that is appropriate. Here, petitioner in the Board's proceeding had sought affirmative relief and had taken steps to establish that right. Considering the scope and purpose of the jurisdiction of the court in a proceeding under § 10 (e), and the position and rights of the person proceeded against, we are unable to conclude that the Board has an absolute right to withdraw its petition at its pleasure. We think that permission to withdraw must rest in the sound discretion of the court to be exercised in the light of the circumstances of the particular case.[3]

While in the instant case there are two proceedings, separately carried on the docket, they were essentially one so far as any question as to the legality of the Board's order was concerned. Petitioner's answer in the Board's proceeding presented substantially the same objections as those raised in petitioner's proceeding for review. The present contentions of the parties are largely addressed to procedural distinctions, but if we follow the course of the two proceedings we find that there is really but one ultimate question and that is with respect to the court's

[3] See *Cooper* v. *Lewis,* 2 Phillips, Ch. 177, 181; *Bank* v. *Rose,* 1 Rich Eq., 292, 294; *Stevens* v. *The Railroads,* 4 F. 97, 105; *Chicago & Alton R. Co.* v. *Union Rolling Mill Co.,* 109 U. S. 702, 713–715; *City of Detroit* v. *Detroit City Ry. Co.,* 55 F. 569, 572, 573; *Pullman's Palace Car Co.* v. *Central Transportation Co.,* 171 U. S. 138, 146; *Ex parte Skinner & Eddy Corp.,* 265 U. S. 86, 93, 94; *United Motors Service* v. *Tropic-Aire,* 57 F. 2d 479, 481, 482; *Jones* v. *Securities & Exchange Comm'n,* 298 U. S. 1, 19, 20.

final action in remanding the cause to the Board for further proceedings.

Before the court on May 5th granted the Board's motion to withdraw its petition, the other proceeding had been instituted by the filing of the petition for review on May 4th. That proceeding was taken by petitioner as a person aggrieved by the order of December 22, 1937, and was doubtless prompted by the Board's motion to withdraw its own petition. As the transcript of the record of the administrative proceeding had already been certified and filed, it was within the court's control. The order of May 5th was amended on May 9th so as to preclude the withdrawal of the transcript, and on the same day the court ordered that the transcript be deemed to be filed in the petitioner's proceeding as of May 4th. We see no reason to doubt the power of the court to retain the transcript or to amend its order of May 5th accordingly, and certiorari has not been sought by the Board in relation to the order of May 9th. Our decision in *In re National Labor Relations Board,* 304 U. S. 486, is not apposite. There the transcript had not been filed, the court had not acquired jurisdiction of the subject matter, and the Board still had the authority conferred upon it by § 10 (d). In the circumstances of the present case we think it is clear that the court was possessed of exclusive jurisdiction of the administrative proceeding "and of the question determined therein," and thus of the power of "enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board." § 10 (f). As on the Board's petition the court could grant affirmative relief to the person against whom the Board's order was directed, so on the court's entertaining the petition of that person for review the Board could seek not merely to have the petition denied but to have its order enforced, regardless of any separate proceeding to that end.

It thus appears that neither the order of May 5th, granting the Board permission to withdraw its petition, nor the attempt of the Board on May 6th to reassume control of the administrative proceeding, nor the Board's withdrawal of its petition on June 2d, accomplished anything of substance, as the Board, in the presence of the court's continued and exclusive jurisdiction, remained without authority to deal with its order. And any question as to the propriety of the court's order of May 5th became one of merely academic interest after the court by its order of June 10th remanded the cause to the Board. We turn to the consideration of that order.

*Second.* The cause was remanded to the Board for the purpose "of setting aside its findings and order of December 22, 1937, and issuing proposed findings, and making its decision and order upon a reconsideration of the entire case." The Board in its application for the remand stated that it would take that course. The specified purpose qualified the court's order. It created a condition which the Board was bound to observe. If the Board within a reasonable time failed to set aside its findings and order, we have no doubt that the court could vacate its order of remand and proceed with its consideration of the petition to review. The propriety of the order of remand must be considered in that aspect.

*Third.* If the court itself had set aside the findings and order of the Board upon the ground, as asserted by petitioner, that the Board had not considered the evidence and made its own findings, but had adopted as its own a decision proposed by its subordinates without affording petitioner any opportunity to be heard thereon, the court could have remanded the cause for further proceedings in conformity with its opinion. That ground being sufficient for setting aside the order, there is no principle of procedure in relation to the review either of judicial decrees or administrative orders which would require the court to examine other grounds of attack.

It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied.[4] Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points.[5] So, when a District Court has not made findings in accordance with our controlling rule (Equity Rule 70½) it is our practice to set aside the decree and remand the cause for further proceedings.[6] The jurisdiction to review the orders of the Labor Relations Board is vested in a court with equity powers, and while the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action. The purpose of the judicial review is consonant with that of the administrative proceeding itself,—to secure a just result with a minimum of technical requirements. The statute with respect to a judicial review of orders of the Labor Relations Board follows closely the statutory provisions in relation to the orders of the Federal Trade Commission, and as to the latter it is well established that the court may remand the cause to the Commission for further proceedings to the end that valid and essential findings may be made. *Federal Trade Comm'n* v. *Curtis Publishing Co.*, 260 U. S. 568, 580, 583; *International Shoe Co.* v. *Federal Trade Comm'n*, 280 U. S. 291, 297; *Federal Trade Comm'n* v. *Royal Milling Co.*, 288 U. S. 212, 218; *Procter*

---

[4] *Estho* v. *Lear*, 7 Pet. 130; *Levy* v. *Arredondo*, 12 Pet. 218; *Villa* v. *Van Schaick*, 299 U. S. 152, 155, 156.

[5] *Chicago, M. & St. P. Ry. Co.* v. *Tompkins*, 176 U. S. 167, 179, 180; *United States* v. *Rio Grande Irrigation Co.*, 184 U. S. 416, 424; *Lincoln Gas & Electric Light Co.* v. *Lincoln*, 223 U. S. 349, 361–365.

[6] *Railroad Commission* v. *Maxcy*, 281 U. S. 82; *Interstate Circuit, Inc.* v. *United States*, 304 U. S. 55.

& Gamble Co. v. Federal Trade Comm'n, 11 F. 2d 47, 48, 49; Ohio Leather Co. v. Federal Trade Comm'n, 45 F. 2d 39, 42.[7] Similar action has been taken under the National Labor Relations Act in Agwilines, Inc. v. National Labor Relations Board, 87 F. 2d 146, 155. See, also, National Labor Relations Board v. Bell Oil & Gas Co., 91 F. 2d 509, 515. The "remand" does not encroach upon administrative functions. It means simply that the case is returned to the administrative body in order that it may take further action in accordance with the applicable law. See Federal Radio Comm'n v. Nelson Brothers Co., 289 U. S. 266, 278.

Such a remand does not dismiss or terminate the administrative proceeding. If findings are lacking which may properly be made upon the evidence already received, the court does not require the evidence to be reheard. Federal Trade Comm'n v. Curtis Publishing Co., supra; International Shoe Co. v. Federal Trade Comm'n, supra. If further evidence is necessary and available to supply the basis for findings on material points, that evidence may be taken. Federal Trade Comm'n v. Royal Milling Co., supra; Procter & Gamble Co. v. Federal Trade Comm'n, supra; Ohio Leather Co. v. Federal Trade Comm'n, supra; Agwilines, Inc. v. National Labor Relations Board, supra. Whatever findings or order may subsequently be made will be subject to challenge if not adequately supported or the Board has failed to act in accordance with the statutory requirements.

Fourth. The present controversy thus comes to the narrow point that instead of setting aside the Board's findings and order, the court has allowed the Board itself

---

[7] Compare Texas & Pacific Ry. Co. v. Interstate Commerce Comm'n, 162 U. S. 197, 238, 239; Southern Railway Co. v. St. Louis Hay & Grain Co., 214 U. S. 297, 302; Florida v. United States, 292 U. S. 1, 9; Brotherhood of Railroad Trainmen v. National Mediation Board, 66 App. D. C. 375; 88 F. 2d 757, 761.

to set them aside. The contention on that ground is without substance. In either event the findings and order are vacated. Petitioner's objection to the order because of lack of due hearing results in the abandonment of the findings and order and petitioner will thus be completely freed from any determination they contain or any obligation they impose.

Petitioner says that the Board has not confessed error. This is immaterial if the assailed findings and order are set aside. Nor is it important that the court has not held the findings and order to be void. It is elementary that the court is not bound to determine questions which have become academic.

There is nothing in the statute, or in the principles governing judicial review of administrative action, which precludes the court from giving an administrative body an opportunity to meet objections to its order by correcting irregularities in procedure, or supplying deficiencies in its record, or making additional findings where these are necessary, or supplying findings validly made in the place of those attacked as invalid. The application for remand in this instance was not on frivolous grounds or for any purpose that might be considered dilatory or vexatious. Petitioner had raised a serious question as to the validity of the findings and order. The Board properly recognized the gravity of the contention and sought to meet it by voluntarily doing what the court could have compelled. That was in the interest of a prompt disposition, and whatever delay has resulted is due to petitioner's resistance to that course.

Petitioner insists that it had other objections to the Board's conduct of the proceeding. But it was not necessary for the court to consider them, as the setting aside of the findings and order carried with it the opportunity for reconsideration and the making of a new record.

376

What findings or order would thus be made became a matter of conjecture and in any event these and the manner of arriving at them would be subject to any justified criticism.

As the substantial question is presented by the order of June 10th, the writ of certiorari in No. 182 is *dismissed*. The order of June 10th in No. 183 is affirmed.

*Affirmed.*

MR. JUSTICE ROBERTS did not hear the argument and took no part in the consideration and decision of this case.