WOMETCO ENTERPRISES, INC.,
Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

WEAT–TV, Inc., Intervenor.

WOMETCO ENTERPRISES, INC.,
Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Scripps-Howard Broadcasting Co.,
Intervenor.

Nos. 17076, 17077.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 3, 1962.

Decided Jan. 24, 1963.

Mr. J. Roger Wollenberg, Washington, D. C., with whom Messrs. Arthur Z. Gardiner, Jr., and Daniel K. Mayers, Washington, D. C., were on the brief, for appellant.

Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, with whom Messrs. Max D. Paglin, General Counsel, Daniel R. Ohlbaum, Associate General Counsel, and Mrs. Louise H. Renne, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. Harold David Cohen, Washington, D. C., for intervenor in No. 17,076. Mr. Vernon C. Kohlhaas, Washington, D. C., was on the brief for intervenor in No. 17,076. Mr. Thomas N. Dowd, Washington, D. C., also entered an appearance for intervenor in No. 17,076.

Mr. Harry J. Ockershausen, Washington, D. C., with whom Messrs. William J. Dempsey and William C. Koplovitz, Washington, D. C., were on the brief, for intervenor in No. 17,077.

Before WILBUR K. MILLER, BASTIAN and WRIGHT, Circuit Judges.

PER CURIAM.

Wometco Enterprises, Inc., is the licensee of a television station at Miami, Florida. WEAT-TV, Inc., intervenor in No. 17,076, and Scripps-Howard Broadcasting Co., intervenor in No. 17,077, are respectively licensees of two television stations in West Palm Beach, Florida. Each of the intervenors applied to the Federal Communications Commission for permission to move its transmitter to a point approximately twelve miles southwest of West Palm Beach in the direction of Miami, with additional coverage but without loss of previous coverage.

Wometco petitioned for hearings, under Section 309(e) of the Communications Act of 1934, as amended, 47 U.S.C. § 309(e), as to whether the intervenors' program proposals were designed to and could be expected to serve the public interest by meeting the needs of the area to be served; and whether the proposed site moves would result in a fair, efficient and equitable distribution of television service and would otherwise be consistent with the public interest, convenience and necessity. The Commission rejected Wometco's petition, and without a hearing granted the applications of the intervenors to move their transmitters. Wometco appeals, saying it had raised substantial issues of fact which required a hearing in each case.

In our opinion, the issues presented by Wometco were so substantial that the Commission erred in disposing of them in a summary manner. The orders of the Commission are set aside and the cases remanded for evidentiary hearings.

So ordered.