UNITED STEELWORKERS OF AMERICA, AFL–CIO; and James Garry, Quinto Delissio, Patrick McGhen and Ernest A. Oblack, on behalf of themselves and others similarly situated, Plaintiffs,

v.

FORT PITT STEEL CASTING, Division of Conval-Penn, Inc., Division of Conval Corporation, and James P. Spresser as Pension Board Member, et al., Defendants.

Civ. A. No. 79–1254.

United States District Court,
W. D. Pennsylvania.

Feb. 19, 1980.

Frank J. Lucchino, Rudolph L. Milasich, Jr., Pittsburgh, Pa., for plaintiffs.

Henry J. Wallace, Pittsburgh, Pa., Rody P. Biggert, Chicago, Ill., for defendants.

## OPINION

ZIEGLER, District Judge.

### I. *History of Case*

This is a civil action to compel arbitration of certain grievances. Jurisdiction is predicated on § 301 of the Labor Management Relations Act. 29 U.S.C. § 185.

Plaintiffs, the United Steelworkers of America, and others, (the Union) and defendant, Fort Pitt Steel Casting (the Company), executed a three-year collective bargaining agreement (the Basic Agreement) on March 3, 1975. The Basic Agreement expired on March 3, 1978, and the Union commenced a lawful work stoppage.[1] Sec-

---

1. The history of this long and arduous labor dispute is detailed in *United Steelworkers of* *America v. Fort Pitt Steel Casting,* 598 F.2d 1273 (3d Cir. 1979).

tion 9 of the Basic Agreement, entitled "Adjustment of Grievances," provides that the grievance procedures shall culminate, if necessary, in binding arbitration[2] and shall apply to "[a]ny [employee] request or complaint."[3]

On August 17, 1977, the Union and the Company entered into a Pension Agreement.[4] Section 7.1 of that Agreement, entitled "Subject Matters of Appeal," provides:

If during the term of the Pension Agreement, any difference shall arise between any Employee who shall be an applicant to become a Pensioner hereunder and the Company or the Pension Board as to (a) The number of years of Continuous Service of such applicant in the employ of the Company; or

(b) the age of such applicant; or

(c) whether an applicant became permanently incapacitated through one of the excluded causes set forth in Section 1.13(b); such difference may be taken up by the applicant as a grievance in accordance with the applicable provisions [sic] of the Basic Agreement, beginning with Step 4.

In January of 1979, the Union filed six separate grievances on behalf of certain employees. The grievances are numbered 600, 601, 603, 604, 605 and 606, and were filed in accordance with the procedures established by the collective bargaining agreement. On February 13, 1979, the Company informed the Union that, in its judgment, the grievances were not subject to arbitration under the Basic Agreement.[5]

Presently before the court is the motion of plaintiffs for summary judgment on all six grievances and the cross-motion of the Company for similar relief as to all grievances except No. 605. For the reasons set forth herein, the motion of the Union will be granted and the Company's motion will be denied.

## II. *The Grievances*

The grievances which the Union seeks to arbitrate are as follows: (1) Nos. 600 and 601 allege that the Company improperly deducted Social Security benefits from employee pensions, and also discontinued life insurance coverage provided under the Basic and Pension Agreements; (2) No. 603 alleges that an erroneous interpretation of the Basic and Pension Agreements by the Company has resulted in the cancellation of life insurance coverage for persons retiring after March 3, 1978; (3) No. 604 alleges that the Company improperly withheld earned vacation payments during the work stoppage which began in March of 1978; (4) No. 605 alleges the improper withholding of severance pay due and owing under the Basic Agreement; and (5) No. 606 alleges the Company improperly withheld and distributed funds under a supplemental unemployment benefit plan.

## III. *Discussion*

The issue of arbitrability of grievances must be decided by the court and not by an arbitrator. *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). In performing this jurisprudential function, a court must always be cognizant of the national labor policy favoring arbitration of labor disputes. *See* 29 U.S.C. §§ 171(a), 173(d). Arbitration clauses should be con-

---

**2.** Basic Agreement at ' 98. That paragraph provides:

Step 4: In the event the dispute shall not have been satisfactorily settled, the matter shall then be appealed to an impartial umpire . . . . . The decision of the umpire shall be final.

**3.** *Id.* ' 91. That paragraph provides:

Any employee who believes that he has a justifiable request or complaint may discuss the request or complaint with his foreman, with or without the grievance committeeman being present, as he may elect, in an attempt to settle same. Any request or complaint settled between the employee and the foreman, without the committeeman present shall not set aside any provisions of the Basic Agreement.

Any such request or complaint not disposed of within five (5) days and filed in writing, on a grievance form furnished by the Company as later set forth herein shall constitute a grievance within the meaning of this Section.

**4.** *See* Exhibit A to affidavit of Allan Gunn.

**5.** *See* Exhibit B to plaintiff's complaint.

strued broadly for there is "a strong presumption favoring arbitrability." *Nolde Bros., Inc. v. Local No. 358, Bakery Workers*, 430 U.S. 243, 254, 97 S.Ct. 1067, 1073, 51 L.Ed.2d 300 (1977). As the Supreme Court has explained:

> An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted ·dispute. Doubts should be resolved in favor of coverage.
>
> * * * * * *
>
> In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail . . .

*Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–85, 80 S.Ct. 1347, 1353–1354 (1960).

These teachings apply with equal force although the dispute may arise following the termination of a collective bargaining agreement. As the Supreme Court stated in *Nolde Bros.*:

> The parties must be deemed to have been conscious of this policy when they agree to resolve their contractual differences through arbitration. Consequently, the parties' failure to exclude from arbitrability contract disputes arising after termination, far from manifesting an in-·tent to have arbitration obligations cease with the agreement, affords a basis for concluding that they intended to arbitrate all grievances arising out of the contractual relationship. In short, where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication.

430 U.S. at 255, 97 S.Ct. at 1074.

Also, in determining arbitrability, the court must not assess the merits of a grievance, *Id.* at 249, 97 S.Ct. at 1070, or attempt to "determine whether there is particular language in the written instru-ment to support [the grievance]." *Steelworkers v. American Mfg. Co.*, 363 U.S. 574, 586, 80 S.Ct. 1347 (1960).

The instant arbitration clause is broad and all-inclusive. It encompasses "any request or complaint" and contains no limitations. In characterizing such a clause, the Court of Appeals for the Second Circuit recently observed: ·

> If a court finds that the parties have agreed to submit to arbitration disputes 'of any nature or character,' or simply 'any and all disputes,' all questions, including those regarding termination, will be properly consigned to the arbitrator: 'With that finding the court will have exhausted its function, except to order the reluctant party to arbitration.' (citations omitted). In dealing with a narrower arbitration clause, a court's inquiry is not so circumscribed, and it will be proper to consider whether the conduct in issue is on its face within the purview of the clause.

*Rochdale Village, Inc. v. Public Service Employees Union, Local No. 80*, 605 F.2d 1290, 1295 (2d Cir. 1979).

The presence of such a broad and all-inclusive clause serves to limit the scope of this court's· inquiry. "[O]nce a court finds that, as here, the parties are subject to an agreement to arbitrate, and that agreement extends to 'any difference' between them . . . .," it is required to consign the case to arbitration. *Operating Engineers v. Flair Builders, Inc.*, 406 U.S. 487, 491, 92 S.Ct. 1710, 1713, 32 L.Ed.2d 248 (1972).

The Company raises several arguments in an attempt to avoid the broad sweep of the arbitration clause of the Basic Agreement. With respect to numbers 600, 601 and 603, it contends that these grievances concern pension disputes. Under § 7.1 of the Pension Agreement, only pension grievances relating to years of continuous service, age of the applicant, and the existence of a permanent incapacity are arbitrable. Since these grievances are unrelated to those issues, the Company argues for nonarbitrability. We disagree.

Standing alone the language of § 7.1 of the Pension Agreement supports

defendant's conclusion. However, that language must be construed in conjunction with the language of the Basic Agreement. Under the Basic Agreement, numbers 600, 601 and 603 clearly are arbitrable. Faced with a direct conflict between contractual provisions, we are unable to conclude with "positive assurance" that the parties did not intend to submit these disputes to arbitration. *Steelworkers v. Warrior & Gulf Navigation Co., supra*, 363 U.S. at 582, 80 S.Ct. at 1352.

Our conclusion is buttressed by *Bressette v. International Talc Co., Inc.*, 527 F.2d 211 (2d Cir. 1975). In *Bressette*, the collective bargaining agreement contained a broad arbitration clause, without limitations or exclusions. *Id.* at 215. In a subsequent section of the agreement, however, the contract provided that all disputes concerning pensions were not subject to the arbitration provisions of the agreement. *Id.* at 216. Despite this exclusionary provision, the Court of Appeals held that all such grievances were arbitrable. The court stated:

> At the very least, there is a significant question as to whether the parties meant to exclude disputes over this subsection from arbitration under the provisions of the collective bargaining agreement. Since, as stated in *Warrior & Gulf*, supra, 363 U.S. at 583, 80 S.Ct. at 1353, 'Doubts should be resolved in favor of coverage,' we believe that this claim should be arbitrated along with the others raised in this case.

*Id.* at 216.

■ In our judgment, the language of § 7.1 of the Pension Agreement on which

the Company here relies is not as definitive as the exclusionary language found to be insufficient in *Bressette*. Only the most "forceful evidence of a purpose to exclude [a] claim from arbitration can prevail" and all "doubts should be resolved in favor of coverage." *Steelworkers v. Warrior & Gulf Navigation Co., supra.* If the Company had included a specific provision in the arbitration section of the Basic Agreement excluding pension disputes from arbitration, then these grievances would not be arbitrable. Absent such guidance, we hold that grievance numbers 600, 601 and 603 are arbitrable.

Grievance number 604 alleges that the Company improperly withheld vacation payments to employees during the work stoppage of March 3, 1978. This allegation was litigated as an unfair labor practice before National Labor Relations Board and the Board found a violation of Section 8(a)(3) and (1) of the *Act.*[6] The matter is presently pending before the Court of Appeals for the Ninth Circuit pursuant to Sections 10(e) and (f) of the Act, and the Company contends that this court lacks subject matter jurisdiction to compel arbitration while the matter is before that court.

The argument is vacuous. Section 10(e) of the National Labor Relations Act empowers the Board to petition the appropriate court of appeals for enforcement of its orders. 29 U.S.C. § 160(e). It also describes the procedures for judicial review and defines its scope.[7] Defendant attempts to isolate the following language of § 10(e) in support of its position:

---

6. See Exhibit A to affidavit of Rody P. Biggert.

7. 29 U.S.C. § 160(e) provides:

The Board shall have power to petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings, as provided in section 2112

of Title 28. Upon the filing of such petition, the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board. No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordina-

Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by the appropriate United States court of appeals if application was made to the district court as herein above provided, and by the Supreme Court of the United States upon writ of certiorari or certification as provided in section 1254 of Title 28.

29 U.S.C. § 160(e).

 Section 10(e) does not grant exclusive jurisdiction to a court of appeals over all issues relating to the subject matter of an unfair labor practice. Rather, "[u]pon the filing of [a petition for review], the court . . . shall have jurisdiction of the proceeding and of the question determined therein." 29 U.S.C. § 160(e); *See, Ford Motor Co. v. National Labor Relations Board*, 305 U.S. 364, 368, 59 S.Ct. 301, 304, 83 L.Ed. 221 (1938). Thus, the Court of Appeals for the Ninth Circuit has exclusive jurisdiction to "set aside or modify in whole or in part" the Board's finding of a violative labor practice. *Id.*, at 370, 59 S.Ct. at 305. It does not have exclusive jurisdiction over an action such as here to compel arbitration. Whether the conduct complained of in grievance number 604 constitutes an unfair labor practice is a distinct question from whether the Company must arbitrate the grievance. We hold that grievance number 604 is arbitrable under the Basic Agreement.

The Company next contends that a question of fact exists concerning the arbitrability of the severance pay dispute asserted in grievance number 605, since the severance pay clause expired with the contract on March 3, 1978. Secondly, it argues that the following expiration of the contract on March 3, 1978, the parties bargained to an impasse over a new severance pay clause, and the Company was permitted to unilaterally adopt a different severance pay provision. Hence, the Company urges that the provision in the old contract under which the Union claims severance pay is no longer extant. We disagree.

 The Supreme Court has held that the duty to arbitrate survives the termination of a contract, *Nolde Bros., Inc. v. Local No. 358, Bakery Workers, supra.* Thus, the expiration of the contract on March 3, 1978, can serve as no refuge here. The second argument relates to the merits of the grievance, not to its arbitrability. In *Becker Autoradio U.S.A., Inc. v. Becker Autoradiowerk*, 585 F.2d 39 (3d Cir. 1978), the Court of Appeals refused to decide whether the parties had agreed to an alleged subsequent oral agreement to extend the contract, holding that such issues are "reserved for the arbitrator." *Id.* at 46. Similarly, in *Controlled Sanitation Corp. v. District 128, International Association of Machinists and Aerospace Workers*, 524 F.2d 1324 (3d Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1114, 47 L.Ed.2d 319 (1976), the court held that issues relating to a union's alleged repudiation of an arbitration agreement must be reserved for the arbitrator. We

---

ry circumstances. The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency, the court may order such additional evidence to be taken before the Board, its member, agent, or agency, and to be made a part of the record. The Board may modify its findings as to the facts, or make new findings by reason of additional evidence so taken and

filed, and it shall file such modified or new findings, which findings with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive, and shall file its recommendations, if any, for the modification or setting aside of its original order. Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by the appropriate United States court of appeals if application was made to the district court as hereinabove provided, and by the Supreme Court of the United States upon writ of certiorari or certification as provided in section 1254 of Title 28.

hold that grievance number 605 is subject to arbitration under the Basic Agreement.

▮ Finally, the Company contends that grievance number 606 is not arbitrable, since the supplemental unemployment benefit agreement relied on by the Union does not exist. This argument again goes to the merits of plaintiff's grievance and does not affect its arbitrability. Accordingly, we hold that grievance number 606 is also arbitrable.

In sum, we hold that all six grievances filed by the Union are arbitrable and the Company will be ordered to comply with the grievance and arbitration procedures of the collective bargaining agreement. Plaintiffs' motion for summary judgment will be granted and defendant's cross-motion for judgment will be denied.