ROQUETTE FRERES AND ROQUETTE CORPORATION, PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 83-11-01683

Before BOE, *Judge.*

(Decided December 21, 1983)

The defendant has moved to dismiss the above action, on the grounds:

(1) That said action attempts to challenge a determination by the International Trade Commission (ITC), said determination having been made pursuant to an order made by this court in Court No. 82-5-00636, and

(2) That the above action is duplicative of Court No. 82-5-00636.

In entering this order, the court has considered all papers and documents filed, the memoranda of respective counsel, and the arguments presented by said counsel at an oral argument held on December 21, 1983.

At the conclusion of oral argument, the court granted defendant's cross-motion to dismiss. The within memorandum opinion is made for the purpose of more fully expressing the reasoning of this court.

The facts pertinent to a determination of the instant cross-motion are briefly reviewed. The plaintiffs instituted an action (Court No. 82-5-00636) in this court by filing a summons on May 7, 1982 and a complaint on June 4, 1982 challenging:

(1) The final determination of the Department of Commerce, International Trade Administration that crystalline and liquid sorbitol from France are being, or are likely to be, sold in the United States at less than fair value, and

(2) The final determination of the International Trade Commission (ITC) that an industry in the United States is materially injured by reason of imports of liquid and crystalline sorbitol from France, and

(3) The issuance of an antidumping order by the Department of Commerce.

After the transmittal of the administrative record to this court for review and subsequently, upon motion of the defendant, this court entered an order under date of July 18, 1983 remanding the action to the ITC, providing in part:

> [T]o consider in full all relevant information presently in its possession or which hereafter may be presented to it as to whether an industry was materially injured by reason of imported sorbitol from France being sold at less than fair value. The determination so made by the Commission shall be returned to this court within a period of sixty (60) days from the date of entry of this order.

On remand the ITC determined that:

(1) An industry in the United States was materially injured by reason of crystalline sorbitol imports from France, and

(2) That an industry in the United States was not materially injured or threatened with material injury by reason of liquid sorbitol imports from France.

The determination of the ITC on remand was filed with the court on October 17, 1983; the supplemental administrative record of the proceedings on remand was filed on November 23, 1983. The plaintiffs by the filing of a summons and complaint in the above action seek to challenge the final determination of the United States International Trade Commission on remand.

The jurisdiction of this court acquired by the filing of the summons on May 7, 1982 and the complaint on June 4, 1982, is continuing until that action is finally decided.

Remand is well recognized and utilized by the courts in appellate review. 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice & Procedure,* § 3937 (1977). The procedure is utilized particularly by those courts in which jurisdiction is vested to review the administrative decisions of boards, agencies, and commissions. When the initial action, Court No. 82-5-00636, was remanded to the ITC pursuant to the order of this court no final decision had

been made by the court. As stated by the United States Supreme Court in addressing itself to the remand process:

> [W]hen the case was first remanded, nothing was finally decided. The whole proceeding thereafter was *in fieri*. The Commission had a right on reconsideration to make a new record. *Ford Motor Company* v. *Labor Board,* 305 U.S. 364, 374-75. When finally decided, all questions were still open and could be presented.

*United States* v. *United States Smelting Refining & Mining Co.,* 339 U.S. 186, 198 (1950).

Jurisdiction once vested in the court is neither so fleeting nor illusory as to dissipate upon the court's exercise of its inherent discretionary power to require further deliberation by the administrative body.

To entertain the above action challenging the final determination of the ITC on remand serves only to encumber the record and produce unnecessary and unjustified delay in a review proceeding in which this court by order requested clarification and amplification from the administrative commission.

Should the plaintiff deem its complaint inadequate because of the subsequent ITC determination on remand, its remedy is clear. Rule 15 of this court provides for amended and supplemental pleadings. Subsection (d) thereto, in providing for supplemental pleadings, contemplates the happening of "transactions or occurrences" since the date of the pleading sought to be supplemented. Rule 15(d) of the Court of International Trade Rules.

Suffice it to say, to permit the initiation of a new action by the filing of a new summons and complaint in a proceeding wherein this court has specifically retained its jurisdiction for review purposes would serve no purpose other than to impede sound judicial administration.

Now therefore, it is hereby

ORDERED that the cross-motion of the defendant is hereby granted and the above entitled action, Court No. 83-11-01683, is hereby dismissed, and it is further

ORDERED that the plaintiff, if it so desires, may serve on the defendant and the intervenor in Court No. 82-5-00636 and file physically with this court on or before January 4, 1984 a supplement to the complaint filed under date of June 4, 1982 setting forth, as provided in rule 15(d) "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," and it is further

ORDERED that in Court No. 82-5-00636 the intervenor may serve on the plaintiff and the defendant and file physically with this court on or before January 4, 1984 such supplemental pleadings as it may desire, and it is further

ORDERED that the responses to all supplemental pleadings, filed pursuant to this order, shall be served and filed physically with this court on or before January 9, 1984.