BYE, Circuit Judge,
with whom McMILLIAN, MURPHY, and MELLOY, Circuit Judges, join, dissenting.
I agree with much of the court’s decision. The National Labor Relations Board apparently reasoned that KSDK producers are not supervisors because their use of independent judgment was limited to professional and technical aspects of their own work. The Board’s attempt to eliminate professional and technical judgment from the “independent judgment” calculus has now been rejected by the Supreme Court, NLRB v. Kentucky River Cmty. Care, Inc., 532 U.S. 706, 713-20, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001), and so, as our court ably explains, we cannot approve the Board’s reasoning on its own terms.
Appreciating this tension between the Board’s decision and Kentucky River, the panel unearthed an independent basis for enforcing the Board’s order. The panel held the Board’s order could be enforced on the alternative ground that “employees [such as the KSDK producers] engaged in *901 a largely collaborative enterprise do not exercise ‘independent judgment’ of the type envisaged in the Act.” Multimedia KSDK, Inc. v. NLRB, 271 F.3d 744, 751 (8th Cir.2001). This collaboration theory traces its lineage to several Board decisions and a Fifth Circuit decision, which held that television station producers “do not function as supervisors, but are part of an integrated production team, each member of which is independently capable of executing his assignment.” NLRB v. KDFW-TV, Inc., 790 F.2d 1273, 1278 (5th Cir.1986) (quoting an earlier Board decision). Recent events have overtaken the thrust of the panel opinion, however. In Beverly Enterprises-Minnesota, Inc. v. NLRB, 266 F.3d 785, 789 (8th Cir.2001), we explained that a Board order may not be upheld on an alternative ground, a decision that now precludes us from enforcing the Board’s order in reliance on the collaboration theory.
Though I agree with the en banc court that we may not enforce the Board’s order on the strength of its own reasoning, I disagree that we should deny enforcement at this juncture. Instead, I believe we should exercise our discretion to remand this case to the Board for further review and consideration. The court’s opinion seems to suggest we may not remand a case to the Board unless the Board itself “offers an alternative theory on which to uphold its decision” or affirmatively requests a remand. Ante at 900. The court cites Kentucky River and NLRB v. Health Care & Retirement Corp. of Am., 511 U.S. 571, 584, 114 S.Ct. 1778, 128 L.Ed.2d 586 (1994), to support this proposition, but neither ease strictly limits the power of federal courts in the manner suggested. In both cases, the Supreme Court merely declined to exercise its discretion to remand. The Court did not presume to lack the power to remand altogether. Indeed, the Court has previously recognized federal courts’ discretion to remand as circumstances and equity require. See NLRB v. Jones & Laughlin Steel Corp., 331 U.S. 416, 428, 67 S.Ct. 1274, 91 L.Ed. 1575 (1947); Ford Motor Co. v. NLRB, 305 U.S. 364, 373-74, 59 S.Ct. 301, 83 L.Ed. 221 (1939).
Though the court elects not to remand this case to the Board, I believe there are two good reasons to do so. First, I harbor few doubts that the Board intended to rely on the collaboration theory described above. A remand would permit the Board to make its reliance explicit. The Board never disavowed the collaboration theory (and in fact appeared to favor its application) in responding to the station’s petition for rehearing en banc and at oral argument before the full court. The Board is entitled to take the initial stab at reconciling its 29 U.S.C. § 152(11) jurisprudence with Kentucky River, since the Board, not federal courts, must delineate the “infinite gradations” of workplace responsibility within a given industry. Schnuck Markets, Inc. v. NLRB, 961 F.2d 700, 703 (8th Cir.1992). It makes sense to offer the Board a chance at reconciliation in this case, rather than waiting for fresh disputes to arise, especially when the parties to this case are so well-equipped to assist the Board in resolving the matter. Certainly we “may adjust [our] relief to the exigencies of the case in accordance with the equitable principles governing judicial action.” Ford Motor, 305 U.S. at 373, 59 S.Ct. 301.
Second, counsel for the Board seemed to suggest at oral argument that Kentucky River does not prefigure a sea-change in the Board’s approach to deciding supervisor cases. I took this to mean the Board is receptive to the massive hint the Supreme Court dropped in Kentucky River. The Court proposed that — in performing the three-step analysis required by § 152(11) — the Board shift its traditional *902 emphasis away from the “independent judgment” component to allow more reasoned development of the jurisprudence underpinning the “functions” component.
Perhaps the Board could offer a limiting interpretation of the supervisory function of responsible direction by distinguishing employees who direct the manner of others’ performance of discrete tasks from employees who direct other employees, as § 152(11) requires. Certain of the Board’s decisions appear to have drawn that distinction in the past, see, e.g., Providence Hospital, 320 N.L.R.B. 717, 729 (1996).
Kentucky River, 532 U.S. at 720, 121 S.Ct. 1861 (emphasis in original).
In deciding supervisor cases, the Board infrequently devotes much attention to the manner in which particular employees fulfill one or more of the twelve enumerated tasks. The Board .often assumes that employees perform one of those tasks, only to decide the case based upon the employees’ exercise of independent judgment. See, e.g., Providence Hosp., 320 N.L.R.B. 717, 727 (1996) (“[W]e conclude that whatever authority the charge nurses have to ‘assign’ RNs and other staff members ... is not authority that requires the use of independent judgment within the meaning of Section 2(11). Accordingly, it is unnecessary to reach the issue of the exact parameters of the term ‘assignment’ under Section 2(11).”); id. at 728 (“The Board has only rarely sought to define the parameters of ‘responsibly to direct.’ ... Instead, the Board generally has treated ‘responsibly to direct’ in conjunction with Section 2(ll)’s qualifying language that the exercise of any statutory indicia ‘is not of a merely routine or clerical nature, but requires the use of independent judgment.’ ”).
The Board’s practice of disregarding (or perhaps short-changing) one full step of the § 152(11) analysis is regrettable. The enumerated tasks do make a difference, as this case reflects. Much of the Board’s argument on appeal is really devoted to proving that KSDK producers neither assign workers (because another manager sets employee schedules), nor responsibly direct them (because, for example, producers are not held accountable for writers’ lapses, that responsibility is the province of the head writer). I find these arguments persuasive, but the Board did not make them in issuing its order. A remand would afford the Board a much-needed opportunity to reassess the importance of defining and interpreting the enumerated tasks in each case, just as I read the Court’s opinion in Kentucky River to suggest.
For these reasons, I would prefer to remand this case to the Board for further consideration rather than refusing to enforce the Board’s order altogether. Despite my agreement with much of the court’s opinion, I therefore respectfully dissent.