FILED
United States Court of Appeals
Tenth Circuit

July 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FABIAN RANGEL-PEREZ,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 12-9582
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Fabian Rangel-Perez, a citizen and national of Mexico, appeals the final

administrative removal order (FARO) issued by an official of the Department of

Homeland Security (DHS). The FARO was issued to Mr. Rangel as an alien without

lawful residency who had been convicted of an aggravated felony. *See* 8 U.S.C.

§ 1228(b). The Attorney General has filed a motion to remand the case to DHS for

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

further proceedings.  Mr. Rangel opposes the motion.  We grant the motion to remand.

The Attorney General requests a remand in the interests of justice to allow DHS "to reconsider its decision regarding removability and to proceed under expedited removal procedures."  Aplee. Br. at 7.  The Attorney General represents that on remand, DHS will either "(1) issue a new expedited removal order pursuant to 8 U.S.C. § 1228; or (2) initiate removal proceedings before an immigration court pursuant to 8 U.S.C. § 1229a."  *Id.* at 8.[1]

A remand "shows proper respect for agency decision making, enables the [agency] to respond to emerging case law in the courts of appeals, and comports with Supreme Court guidance."  *Lin v. U.S. Dep't of Justice*, 473 F.3d 48, 54 (2d Cir. 2007) (per curiam) (citing *Ren v. Gonzales*, 440 F.3d 446, 448 (7th Cir. 2006) (in turn citing *Lawrence v. Chater*, 516 U.S. 163, 165-74 (1996) (per curiam))).  Principles governing judicial review of administrative action generally permit the court to "giv[e] an administrative body an opportunity to meet objections to its order by correcting irregularities in procedure, or supplying deficiencies in its record, or making additional findings where these are necessary, or supplying findings validly made in the place of those attacked as invalid."  *Ford Motor Co. v. NLRB*, 305 U.S.

---

[1]  Mr. Rangel argues that on remand DHS may deem him an alien for admission who has not been continuously physically present in the United States for two years, and order him removed without further hearing or review.  Aplt. Reply Br. at 7 (citing 8 U.S.C. § 1225(b)(1)(A)(i), (iii)).  But this procedure is not one of the two options the Attorney General has represented he intends to pursue.

364, 375 (1939). If the agency does not rule in his favor, Mr. Rangel may again seek judicial review. *Cf. Martinez-Marroquin v. Gonzales*, 489 F.3d 778, 778 (6th Cir. 2007) (noting that in remanding to the Board of Immigration Appeals, "[a] remand will not . . . result in the loss of the petitioner's right to judicial review"). Mr. Rangel "is cautioned that if the [agency] does not rule in his favor, a new timely petition for review must be filed." *Id.*

The motion for remand is granted.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge