**ATLANTIC SUGAR, LTD. et al., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Amstar Corporation, Party-in-Interest.**

**Court No. 80–5–00754.**

United States Court of International Trade.

March 17, 1981.

Rogers & Wells, Washington, D. C. (Robert V. McIntyre & George C. Smith, Washington, D. C., of counsel) for plaintiff.

Sullivan & Cromwell, New York City (James H. Carter, New York City, of counsel) and Baker & Mckenzie, Washington, D. C. (Thomas P. Ondeck, Washington, D. C., of counsel) for intervenor Amstar.

Thomas S. Martin, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, New York City (Francis J. Sailer, Washington, D. C., on motion), for defendant.

MEMORANDUM AND ORDER

WATSON, Judge.

This is an action under Section 516A(a)(2) of the Tariff Act of 1930, (19 U.S.C. § 1516a(a)(2)) for review of a determination by the International Trade Commission (ITC) that the importation of sugar from Canada was causing material injury to a regional industry in the United States.

Defendant has moved to suspend these proceedings for not more than seventy-five (75) days to allow the ITC to review its determination and to provide additional opportunity for public comment. The ground for the motion is the asserted discovery by

the ITC of errors in the figures upon which it based its finding that a regional industry existed.[1] The errors are described broadly as "computational errors" made by the staff of the ITC and relate to figures on Table 3, appearing on Page A–18 of the Final Determination of Material Injury.

Defendant says that the suspension it requests will avoid the time and expense of a later formal remand and will least disrupt the judicial proceeding. Intervenor Amstar has expressed no objection. Plaintiffs, however, object on the ground that the procedure would not expedite the resolution of the action. Plaintiffs point out that they have raised issues regarding other aspects of the determination, which are unaffected by the errors and the resolution of which would only be postponed if the case was remanded at this stage. Plaintiffs also argue that the Court should be the judge of the consequences of the errors and whether they warrant remand or another remedy.

The Court is of the opinion that, although remand may ultimately be required, it is not called for at this time. In the first place, the Court has not been sufficiently informed as to the exact nature of the errors so as to be certain that remand would be the proper procedure. The description of the errors in the moving papers has been given only in the most general terms.

The moving papers state that the General Counsel of the ITC is in the process of drafting a memorandum for the ITC outlining the nature of the errors discovered and containing the corrected figures and computations. Without a precise understanding of the errors and the ability to make a reasonable estimation of the consequences, the Court is not in a position to be certain that a remand is correct, or to give the remand a proper structure, or to say that further judicial proceedings would be without benefit. In this respect, the situation here differs from those in which an initial serious question as to the validity of the entire administrative proceeding becomes apparent or those in which the opacity of the administrative determination does not allow the Court to proceed with its function. See, *Ford Motor Co. v. Labor Board*, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221 (1938). See also, *SCM Corporation v. United States*, 84 Cust.Ct. 227, C.R.D. 80–2, 487 F.Supp. 96 (1980).

In addition to the sketchiness of the details regarding the errors committed the Court is disinclined to remand at this time for other reasons. The motion for remand was filed just one day before the filing of plaintiffs' motion for review of the record under Rule 56.1. The latter motion is a presentation of plaintiffs' complete argument against the determination and it goes well beyond the aspect which is evidently affected by the errors, i. e., the existence of a regional industry. For example, plaintiffs also challenge findings that the volume of imports was significant;[2] that they depressed or prevented the increase of domestic prices;[3] or caused the loss of sales,[4] or placed an increased burden on government price-support programs.[5] Thus, unless the request results in the reversal of the original injury determination (the likelihood of which the Court is unable to estimate) the need for a continued and complete judicial review will remain.

In this respect too, these circumstances differ from those in which completed dispositive motions have served to isolate and clarify the need for remand. See, *Voss International Corp. v. United States*, 78 Cust.Ct. 130, C.D. 4698, 432 F.Supp. 205 (1977). See also, *Sprague Electric Company v. United States*, 84 Cust.Ct. 243, C.R.D. 80–3, 488 F.Supp. 910 (1980).

1. In the circumstances set out in 19 U.S.C. § 1677(4)(c) material injury may be found with respect to less than an entire domestic industry. The statute sets out the criteria of economic insularity by which producers in a portion of the United States may be treated as a separate industry.

2. 19 U.S.C. § 1677(7)(C)(i).

3. 19 U.S.C. § 1677(7)(C)(ii)(II).

4. 19 U.S.C. § 1677(7)(C)(iii)(I).

5. 19 U.S.C. § 1677(7)(D)(ii).

It seems more conducive to the speedy disposition of this action that defendant and Intervenor reply to the motion for review and the multiplicity of issues it raises. The propriety of remand will be considered thereafter. It is better to defer consideration of remand to a time when it is unavoidable and can be accomplished with complete understanding of its necessity, in coordination with other aspects of the action, and with precise instructions.

The necessity for remand here may be removed by other dispositive factors or may be increased by developments in other areas of the action. In any event, the Court will be in a better position to evaluate the need for a remand and devise the proper framework if it proceeds as far as possible towards the completion of the review.

The Court is also mindful of the legislative intention in the Trade Agreements Act of 1979, that the overall review process in these matters be shortened [6] and the express provision in the Customs Courts Act of 1980, that these actions be given a priority over most other pending actions and be expedited in every way.[7]

In sum, defendant has not demonstrated to the Court by argument or citation of authority that it would be proper to remand the matter at this time on representations of incipient error. The Court does not defer consideration of remand out of empty procedural formality. Contrast, *United States v. Benmar Transport & Leasing Corp.*, 444 U.S. 4, 100 S.Ct. 16, 62 L.Ed.2d 5 (1979). At this point, the continuation of judicial review appears more likely to speed the resolution of the action and serve the interests of justice.

For the reasons expressed above defendant's motion for remand is Denied and it is further

ORDERED, that defendant and Intervenor shall respond to plaintiffs' motion for review within thirty (30) days after entry of this order and shall include in their responses such additional details regarding the necessity for remand as are available to them.

---

6. H.R.Rep.No.96–317, 96th Cong., 1st Sess. 181 (1979). S.Rep.No.96–249, 96th Cong., 1st Sess. 251 (1979), U.S.Code Cong. & Admin.News 1979 p. 381.

7. 28 U.S.C. § 2647.