**CHEMICAL PRODUCTS CORP., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 84–9–01321.**

United States Court of International Trade.

Dec. 23, 1986.

Gibson, Dunn & Crutcher, Joseph H. Price and Robert M. Kruger, Washington, D.C., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., Dept. of Justice, A. David Lafer, Washington, D.C., for defendant.

MEMORANDUM OPINION
AND ORDER

DiCARLO, Judge:

Chemical Products Corporation (CPC), a domestic producer of barium carbonate, commenced this action challenging a final determination by the United States Department of Commerce, International Trade Administration (Commerce) that barium carbonate from the People's Republic of China (PRC) is being sold in the United States at not less than fair value. *Barium Carbonate from the People's Republic of China,* 49 Fed.Reg. 33,913 (1984).

On September 26, 1986, the Court held that Commerce had not erred in making its determination by (1) using constructed value to determine foreign market value rather than prices from a nonstate-controlled economy, (2) using information from the barium chloride industry instead of infor-

mation from plaintiff's petition under the best information rule upon the refusal of one producing plant to supply requested information, and (3) using the minimum eight percent profitability figure under 19 U.S.C. § 1677b(e)(1)(B)(ii) (1982 & Supp. II 1984). *Chemical Products Corp. v. United States,* 10 CIT ——, 645 F.Supp. 289 (1986). The Court, however, remanded the case to Commerce, finding that Commerce's allocation of factors of production to hydrogen sulfide gas (HSG) on a quantity basis was not supported by substantial evidence or in accordance with law since Commerce did not determine the value of HSG, and it would not be reasonable to allocate factors of production on a quantity basis to two products with significantly different values.

On November 10, 1986, defendant filed a motion for vacatur of the remand order and for entry of final judgment on the ground that Commerce's case analyst determined that no less than fair value margin would exist even if all costs were allocated to the production of barium carbonate. The motion is supported by an affidavit by the case analyst to the effect that recalculations were performed in accordance with the remand order and no less than fair value margin resulted. Defendant further states that based upon the affidavit plaintiff has no objection to the entry of judgment based upon the Court's decision in 645 F.Supp. 289.

Based upon the contents of the affidavit and the positions taken by the parties to this action, the remand order is vacated and the action is dismissed. Judgment shall be entered accordingly. So ordered.