**RHP BEARINGS, RHP Bearings Inc. and United Precision Industries, Ltd., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**The Torrington Company; Federal–Mogul Corporation, Defendant–Intervenors.**

**Court No. 91–08–00560.**

United States Court of International Trade.

July 17, 1992.

Covington & Burling, Harvey M. Applebaum, David R. Grace and Thomas O. Barnett, Washington, DC, for plaintiffs.

Stuart · M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Velta A. Melnbrencis, of counsel: Dean A. Pinkert, Attorney–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, for defendant.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., William A. Fennell, Wesley K. Caine, Myron A. Brilliant, and Amy S. Dwyer, Washington, DC, for defendant-intervenor The Torrington Co.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, Washington, DC, for defendant-intervenor Federal–Mogul Corp.

## OPINION

TSOUCALAS, Judge:

Plaintiffs, RHP Bearings, RHP Bearings, Inc. and United Precision Industries, Ltd. (collectively "RHP"), move pursuant to Rule 56.1 of the Rules of this Court for judgment on the agency record and remand of this proceeding to the Department of Commerce, International Trade Administration ("ITA"), for correction of two alleged clerical errors in regard to the dumping margins calculated for RHP for the first administrative review of the dumping order covering ball bearings and cylindrical roller bearings from the United Kingdom. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the United Kingdom; Final Results of Antidumping Duty Administrative Reviews* ("Final Results"), 56 Fed.Reg. 31,769 (1991).

### Background

On June 11, 1990, the ITA initiated administrative reviews for imports of antifriction bearings from the United Kingdom. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany, France, Italy, Japan, Romania, Singapore, Sweden, Thailand and the United Kingdom Initiation of Antidumping Administrative Reviews,* 55 Fed.Reg. 23,575 (1990). RHP participated fully in this proceeding. Administrative Record ("AR") Pub.Doc. 13.

In June 1991, the ITA disclosed to interested parties its proposed computer programming instructions for calculating dumping margins in this review. ITA afforded interested parties the opportunity to review these programming instructions and to point out any clerical errors contained in them prior to their use to calculate final dumping margins in this review. RHP participated in this process. AR Pub.Doc. 321.

Upon review of the ITA's programming instructions for the calculation of RHP's dumping margins, RHP discovered one alleged error. The error related to the programming instructions for the treatment of U.S. duty and U.S. brokerage and handling charges for purchase price sales of ball bearings and cylindrical roller bearings for which RHP paid movement costs (hereinafter "CIF sales"). In its response to the ITA's request for terms of sale information, RHP had coded purchase price CIF sales as "5", purchase price sales where RHP did not pay movement charges (hereinafter "FOB sales") as "3", and purchase price ex-works sales as "4". AR Pub.Doc. 105 at 59–60.

ITA determined that U.S. duty and U.S. brokerage and handling charges had not been reported for RHP's purchase price CIF sales and decided to apply a percentage adjustment to account for these charges. Due to the alleged programming error, the ITA applied this adjustment to all purchase price sales instead of only to purchase price CIF sales.

On June 10, 1991, RHP filed comments with the ITA identifying the alleged computer programming error and suggesting ways to correct the error. AR Pub.Doc. 321. RHP suggested that the ITA apply the percentage adjustment where RHP reported freight and insurance costs, which should correspond to CIF sales. *Id.* ITA failed to make the requested correction.

After the ITA issued the Final Results, RHP discovered that line 741 of the computer program for ESP ball bearing sales, provided to plaintiffs at a July 3, 1991 disclosure conference, read:

IF '01OCT89'D LE SALEDTE LE '31DEC*99*'D THEN DO

when in fact the line should have read:

IF '01OCT89'D LE SALEDTE LE '31DEC*89*'D THEN DO

so as to cover a three month period of review rather than a ten year period of review. RHP brought this clerical error to the attention of the ITA. Letter from Covington & Burling to Secretary of Commerce of 7/11/91. ITA also failed to correct this alleged error.

### Discussion

The Court's jurisdiction over this matter

is derived from 28 U.S.C. § 1581(c) (1988).[1]

A final determination by the ITA in an administrative proceeding will be sustained unless that determination is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938); *Alhambra Foundry Co. v. United States*, 12 CIT 343, 345, 685 F.Supp. 1252, 1255 (1988). Under this standard, the ITA is granted considerable deference "in both its interpretation of its statutory mandate and the methods it employs in administering the antidumping law." *Chemical Prods. Corp. v. United States*, 10 CIT 626, 628, 645 F.Supp. 289, 291, *remand order vacated*, 10 CIT 819, 651 F.Supp. 1449 (1986) (citations omitted).

This Court has also stated "that fair and accurate determinations are fundamental to the proper administration of our dumping laws" and that "courts have uniformly authorized the correction of any clerical errors which would affect the accuracy of a determination." *Koyo Seiko Co. v. United States*, 14 CIT ——, ——, 746 F.Supp. 1108, 1110 (1990); *see e.g., Daewoo Elecs. Co. v. United States*, 13 CIT 253, 279–80, 712 F.Supp. 931, 954 (1989); *Asociacion Colombiana de Exportadores v. United States*, 13 CIT 13, 28, 704 F.Supp. 1114, 1126 (1989); *Serampore Indus., Pvt. Ltd. v. United States Dep't of Commerce*, 12 CIT 825, 834, 696 F.Supp. 665, 673 (1988); *Gilmore Steel Corp. v. United States*, 7 CIT 219, 223–24, 585 F.Supp. 670, 674 (1984); *Atlantic Sugar, Ltd. v. United States*, 1 CIT 211, 511 F.Supp. 819 (1981).

### 1. *Timing of remand*

ITA believes that, to the extent the Court decides to remand the issues presented in this case, a remand in regard to cylindrical roller bearings is timely, but a remand for

ball bearings should await the resolution of *Federal–Mogul Corp. v. United States*, No. 91–07–00528 (filed July 25, 1991). *Defendant's Memorandum In Partial Opposition To Plaintiffs' Motion For Judgment On The Agency Record* (Defendant's Memorandum) at 2–3.

In *Federal–Mogul* this Court issued a preliminary injunction enjoining liquidation of all ball bearings covered by the contested Final Results, including RHP's. *Federal–Mogul Corp.*, No. 91–07–00528 (Aug. 9, 1991) (order granting preliminary injunction). ITA argues that since RHP's ball bearings are subject to this preliminary injunction, and since recalculation of dumping margins is both expensive and time consuming, this Court should refrain from remanding any issues in regard to RHP's ball bearings until the Court issues a remand or a final decision in *Federal–Mogul. Defendant's Memorandum* at 2–4.

The Court agrees and will remand only those issues regarding cylindrical roller bearings at this time. The remand required in regard to ball bearings will occur when a remand or final decision is issued by this Court in *Federal–Mogul Corp.*, No. 91–07–00528.

### 2. *U.S. duty and U.S. brokerage and handling fees*

ITA agrees with RHP's contention that the ITA's application of a percentage adjustment for U.S. duty and U.S. brokerage and handling to all of RHP's purchase price sales of ball bearings and cylindrical roller bearings was error and requests this Court to remand this issue back to the ITA at the proper time. *Defendant's Memorandum* at 1–4.

Defendant-intervenors The Torrington Company ("Torrington") and Federal–Mogul Corporation ("Federal–Mogul") oppose RHP's motion for a remand on this issue. Torrington and Federal–Mogul argue that the correlation of RHP's listing of freight and insurance charges with purchase price CIF sales is contradictory and unreliable.

---

1. 28 U.S.C. § 1581(c) provides in pertinent part: The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930.

Torrington and Federal–Mogul point out instances in RHP's sample computer printouts for purchase price sales of ball bearings where terms of sale are coded as "5" (i.e. CIF sales) with no freight or insurance charges listed. *Response Of The Torrington Company, Intervenor, To Motion Of RHP Bearings, Et Al., For Judgment Upon The Agency Record* ("Torrington's Memorandum") at 4–5; *Federal–Mogul Corporation's Opposition To Plaintiffs' Motion For Judgment Upon The Agency Record* ("Federal–Mogul's Memorandum") at 3–8. RHP responds that these are instances of credit notes and therefore no movement expenses would be reported. *Plaintiffs' Reply To Defendant–Intervenors' Memorandum In Opposition To Plaintiff's Motion For Judgment Upon The Agency Record* ("RHP's Reply to Defendant-intervenors") at 3–4. The Court agrees with RHP. *See* AR Pub.Doc. 105 at 34; AR Pub.Doc. 176.

However, Torrington goes on to point out a further problem with RHP's listing of terms of sale for purchase price ball bearing sales, one which this Court finds troubling. The last three transactions on page 130 of the sample printouts filed by RHP contain a "7" in the terms of sale field along with no movement charges. *Torrington's Memorandum* at 5; AR Pub. Doc. 176. Nowhere is the entry "7" for terms of sale explained in RHP's submissions during the administrative proceeding. In its reply brief RHP states, in a footnote, that these three transactions were *correctly coded*, were FOB sales and therefore did not have any movement charges associated with them. *RHP's Reply to Defendant-intervenors* at 4 n. 4. However, according to RHP's own explanation of its coding of terms of sale, FOB sales were coded "3" not "7". AR Pub.Doc. 105 at 59–60.

In addition, this Court's examination of RHP's sample computer printouts for purchase price sales of cylindrical roller bearings also shows an instance where the terms of sale is coded as "7", as well as instances where terms of sale are coded "1" and "6". AR Pub.Doc. 176. None of these entries are explained by RHP in its submissions before the ITA or this Court.

The Court finds that RHP's failure to adequately explain the instances where purchase price terms of sale were coded "1", "6" or "7", even though the issue was raised by Torrington in its brief in regard to purchase price ball bearings sales, makes all of RHP's terms of sale data suspect.

Therefore, the Court remands this issue for the ITA to examine RHP's purchase price terms of sale data for cylindrical roller bearings to determine if that data is a reliable indicator of when RHP shipped cylindrical roller bearings CIF. If the ITA finds the data reliable, it will correct its Final Results by applying the percentage adjustment for U.S. duty and U.S. brokerage and handling only to RHP's cylindrical roller bearings purchase price CIF sales. If the ITA finds the data unreliable, no correction will be made. The same procedure will apply to RHP's purchase price ball bearing sales when this issue is remanded at a time and for a period to be determined by this Court's decision in *Federal–Mogul Corp.*, No. 91–07–00528.

### 3. *Computer line error*

All parties agree that the error in computer line 741 for RHP's ESP ball bearing sales is a clerical error which should be corrected. Therefore this issue will be remanded back to the ITA to substitute '31DEC89'D for '31DEC99'D in line 741 at a time and for a period to be determined by this Court's decision in *Federal–Mogul Corp.*, No. 91–07–00528.

### JUDGMENT

This case having been duly submitted for decision following plaintiffs' motion pursuant to Rule 56.1 of the Rules of this Court for judgment on the agency record, and the Court after due deliberation, having rendered a decision herein; now then in accordance with said decision,

IT IS HEREBY ORDERED that this case is remanded to the Department of Commerce, International Trade Administration ("ITA"), to determine the reliability of RHP's purchase price terms of sale data

for cylindrical roller bearings; if the ITA finds RHP's data reliable, it will apply the percentage adjustment for U.S. duty and U.S. brokerage and handling to RHP's purchase price CIF sales of cylindrical roller bearings; if the data is unreliable, no correction will be made; it is further

ORDERED that remand in regard to RHP's purchase price terms of sale for ball bearings and the clerical error in line 741 of the computer program for plaintiffs' ESP ball bearing sales will be held in abeyance until remand or final decision by this Court in *Federal–Mogul Corp. v. United States*, No. 91–07–00528 (July 25, 1991); and it is further

ORDERED that ITA will report the results of the remand proceeding in regard to cylindrical roller bearings to this Court within thirty (30) days of the date of entry of this judgment, it is further

ORDERED that all dispositive motions in regard to the results of the remand on cylindrical roller bearings will be due within thirty (30) days of the date the remand results are filed with this Court.